AO 91 (Rev. 02/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the
District of Arizona

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jose Gregorio Suarez-Quinonez, | ) | Case No.  16— 65 07 MJ |
| a.k.a.: Jose Gregorio Suarez Quinonez, | ) | |
| a.k.a.: Gregorio Quinonez Suarez, | ) | |
| a.k.a.: Gregorio Suarez-Quinonez, | ) | |
| (A 075 483 882) | | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of November 3, 2016, in the County of Maricopa, in the District of Arizona, the defendant violated Title 8, U.S.C. § 1326(a), a felony, and Title 8, U.S.C. § 1325(a)(2) a class B misdemeanor, an offense described as follows:

**See Attachment A Incorporated By Reference Herein**

I further state that I am a Deportation Officer.

This criminal complaint is based on these facts:

**See Attached Statement of Probable Cause Incorporated By Reference Herein**

*CEB*

REVIEWED BY: Charles E. Bailey, P.S. for AUSA Matthew Binford

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Barry P. Jansen,
Deportation Officer
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   November 4, 2016
_____

_____
*Judge's signature*

David K. Duncan,
United States Magistrate Judge
_____
*Printed name and title*

City and state:   Phoenix, Arizona
_____

# ATTACHMENT A

## Count 1

On November 3, 2016, Jose Gregorio Suarez-Quinonez, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Douglas, Arizona, on or about July 23, 2000, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), a felony.

## Count 2

On November 3, 2016, at or near Phoenix, in the District of Arizona, Jose Gregorio Suarez-Quinonez, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2), a class B misdemeanor.

1

## STATEMENT OF PROBABLE CAUSE

I, Barry P. Jansen, being duly sworn, hereby depose and state as follows:

1. Your affiant is a Deportation Officer with United States Immigration and Customs Enforcement (ICE). I have learned from direct participation in the investigation and from the reports and communications of other agents and officers the facts recited herein.

2. On November 3, 2016, while following a lead, the Mobile Criminal Apprehension Team located Jose Gregorio Suarez-Quinonez in a parking lot on 35th Avenue, in Phoenix, Arizona. On scene, ICE Officer Kelley interviewed Suarez-Quinonez and determined him to be a citizen of Mexico, illegally present in the United States. On the same date, Suarez-Quinonez was transported to the Phoenix ICE office for further investigation and processing. Suarez-Quinonez was held in administrative custody until his criminal and immigration records could be obtained and his identity confirmed

3. Immigration history checks revealed Jose Gregorio Suarez-Quinonez to be a citizen of Mexico and a previously deported criminal alien. Suarez-Quinonez was removed from the United States to Mexico through Douglas, Arizona, on or about July 23, 2000, pursuant to an order of removal issued by an immigration official. There is no record of Suarez-Quinonez in any Department of Homeland Security database to suggest that he obtained permission from the Secretary of the Department of Homeland Security to return to the United States after his removal. Suarez-

2

Quinonez's immigration history was matched to him by electronic fingerprint comparison.

4. Furthermore, there is no record of Jose Gregorio Suarez-Quinonez in any Department of Homeland Security database to suggest that after his last removal from the United States he entered the United States at an official Port of Entry. Had Suarez-Quinonez presented himself at a Port of Entry, Department of Homeland Security records likely would reveal that information. Accordingly, your affiant believes that Suarez-Quinonez entered the United States at a location not designated as an official Port of Entry, and thereby eluded examination and inspection by Immigration Officers of the United States. Suarez-Quinonez's immigration history was matched to him by electronic fingerprint comparison.

5. On November 3, 2016, Jose Gregorio Suarez-Quinonez was advised of his constitutional rights.  Suarez-Quinonez freely and willingly acknowledged his rights and declined to make any further statements.

6. For these reasons, this affiant submits that there is probable cause to believe that on or about November 3, 2016, Jose Gregorio Suarez-Quinonez, an alien, was found in the United States of America at or near Phoenix, in the District of Arizona, after having been previously denied admission, excluded, deported, and removed from the United States at or near Douglas, Arizona, on or about July 23, 2000, and not having obtained the express consent of the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326(a) and on November 3, 2016, at or near Phoenix, in the District of Arizona, Jose

3

Gregorio Suarez-Quinonez, an alien, did elude the examination or inspection by immigration officers in violation of Title 8, United States Code, Section 1325(a)(2).


_____
Barry P. Jansen,
Deportation Officer,
Immigration and Customs Enforcement


Sworn to and subscribed before me
this 4th day of November, 2016.

_____
David K. Duncan,
United States Magistrate Judge